St. Louis, K. C. & C. R. Co. *v.* Dewees and others.[1]

*(Circuit Court, E. D. Missouri.* March 28, 1885.)

1. Appointment of Receiver of Unoccupied Railway Property where Possession and Title are in Dispute.

   Where the title to an unused railroad track is in dispute, and both parties to the controversy claim possession, and neither is in actual physical possession, a court of equity will not interfere in a suit to quiet title by appointing a receiver, even where the defendant has attempted to take forcible possession, until the right to possession is established at law.

2. Same.

   *Semble,* that the proper way in such cases is to establish both title and possession at law.

Bill to Quiet Title.   Motion to appoint a receiver.

The bill states, among other things, that the defendant has attempted to take forcible possession, and prays for an injunction, and the appointment of a receiver to take charge of the property in dispute, pending the proceedings herein, or until the further order of the court.

*Noble & Orrick,* for complainant.

*Farrish & Jones,* for defendants.

Brewer, J., *(orally.)*   In this matter, Brother Noble, which you and Mr. Orrick presented yesterday, we have read your briefs and listened to your arguments with a great deal of interest and pleasure, as we always do, but it seems to us they beg the important question, a question yet unsettled, and that is the question of possession.   A party in conceded, open, notorious, actual possession is entitled to have that possession protected in a court of equity as well as in a court of law; but upon the affidavits,—I do not want to say that your's do not make a case in your behalf, yet they are contradicted by the affidavits of the defendants,—it impresses myself and my Brother Treat that this question of possession is as yet unsettled. It is a disputed fact.   It is a thing which you cannot proceed upon as a basis from which to build.   If it was settled,—if we thought that the possession was established, and that here A., B., and C. were, in the manner you indicate, undertaking to crowd you out of possession, why, it would impress us very differently from what it does now.   I can understand how, for instance, in a building—your own home—you are in it; your family is there; possession is actual; it is open, it is notorious; and anybody who attempts to interfere therewith meets the matter of possession as an established fact.   If it is a piece of land upon which there is no improvement,—an open quarter section of land, or, as in this case, a track over which no trains have been run for the last year or two; a sort of dead, empty, open property that is not tangibly, physically occupied,—it impresses me, and impresses my Brother Treat, (and in that we agree very positively,) that the right

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

to possession should, by some legal proceeding, be established before any further action is taken.

Of course, in an ordinary action at law, the right to possession can be settled. I do not mean to say you have not possession, and that these gentlemen on the other side are not trespassing upon that, but it does impress us that, upon the affidavits, there is that doubt hanging over the question—that uncertainty as to your possession—which forbids the court interfering in the summary way. Of course we would like to do everything in our power to prevent any physical violence,— any lawless acts; and if this case stood alone by itself, with never a chance of another to follow it, we might, on the suggestions and arguments you have made, feel we were doing society good by taking possession. Yet the action we take upon this matter will lie before us as a precedent in the future, and to that extent, at least, limits our discretion. So far as the possession, in the first instance, of the Forest Park Railroad Company is concerned, it is unquestioned. It built the road; it was in possession; did the work; procured and laid the iron. Now, whether its possession has been ever, in fact, transferred to you, is one of those questions which we think, on affidavits, is not clear. The corporation, as a corporation acting through its directors, never transferred possession. No officer of the court ever transferred possession. You do say that Mr. Shultz, vice-president and acting manager, did transfer possession,—we can only speak from what is developed in the affidavits here, and from that it would seem to us as though he had forgotten the obligations of consistency, and had trifled with one or other of the parties in interest,—yet it does not seem to us that you have established that actual, indisputable, acquiesced possession which puts you in a position where you can invoke the power of this court for its protection. We think that the true way for you is to first establish your legal title to that possession. If the charge had been made here the other day that these defendants were likely to take up the iron and carry that away, and thus destroy the property, why that would have put the question in a different shape before us. But that was not suggested. It does come before us in the light that possession to-day is of value; not that either party is going to take up the track and destroy the property as a property, but that there are other matters not fully developed in the testimony,—some supposed advantage in present possession in reference to other outside connections.

While we should like to do all possible to preserve the public peace under the circumstances, yet we do not feel that the case is so clearly presented to us, in respect to your actual possession, that we ought to initiate the plan of appointing a receiver,—dispossessing both parties; for, if we put the property in the possession of a receiver, it looks to us very much as though we would have a receiver taking charge of a piece of dead property like an open quarter section of land, and just put in his possession for the sake of keeping the par-

ties who claim it out of possession,—a receiver who could not do any-thing with it, who could not build the road, who could not operate it because there is no rolling stock, and no connection with any other road, and no opportunity of doing anything, but simply put in pos-session to keep your client, and Mr. Davis' client outside, and hold it while you proceeded to litigate the title and right to possession.

We think the true way is that the question of title and possession should be settled by an action at law, and that will end all contro-versy.   We have looked at it for the last two or three days, on these different facts, in all the lights and shades suggested, and we feel con-strained to deny the application for a receiver.   Mr. Brother TREAT suggests, if we should carry this to the extent to which you claim, we should be having this court pushing the doctrine of receivership to the extent of making us justices of the peace, and issuing peace war-rants.